835 F.2d 873
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles H. DOUGLAS, Plaintiff-Appellant,
v.
Davis HENIFORD, Jr., Defendant-Appellee.
 No. 86-1733.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 9, 1987.
Decided Dec. 3, 1987.
 
 Kermit Sifley King (H. Jackson Gregory on brief) for appellant.
 Edward Mobley Woodward, Jr. (Darra Williamson Cothran, Woodward, Leventis, Unger, Ormand & Herndon, John A. Martin on brief) for appellee.
 Before WIDENER, SPROUSE, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Charles H. Douglas appeals from the entry of judgment notwithstanding the verdict in favor of Davis Heniford, Jr. in this breach of contract action. We affirm.
 
 I.
 
 2
 Douglas asserted that in 1967 he met with Mrs. Barrett, one of two owners of Harbor Island located off the coast of Beaufort, South Carolina. According to Douglas, Mrs. Barrett agreed orally and without consideration to sell the island to him for $150,000.00 with possibly "an option for $5,000 for twelve months." Douglas testified this "meant to me that I had the right to go out and try and find somebody that would have the $150,000 to go in there and invest in the property so we could develop it." It is undisputed that Douglas was not a licensed real estate broker or salesperson.
 
 
 3
 Douglas made no effort to purchase the property or exercise the option himself. Instead, he introduced Heniford to Mrs. Barrett and the co-owner, allegedly for a fee of twenty percent of the post-development profit. Heniford subsequently negotiated a sale of the property from the owners for $200,000.00. After developing the island, he sold it in 1983 for $3,500,000.00, none of which Douglas received.
 
 II.
 
 4
 Douglas brought this action against Heniford for breach of contract in 1983, alleging that he abandoned pursuit of an option for himself because he lacked funds and alleging a theory of "agency" entitling him to a commission. He claimed that "the oral agency agreement between Plaintiff and Defendant does not fall within the Statute of Frauds since it did not contemplate the transfer of any interest in land between the parties to said oral agreement."
 
 
 5
 At trial, a jury found the parties had entered into an enforceable contract and awarded Douglas $200,000.00. The district court granted judgment notwithstanding the verdict on the ground that the contract was void because it violated South Carolina law.
 
 
 6
 Under governing South Carolina law at the time of the agreement, it was unlawful for any person to act as a real estate broker, real estate salesman, or to advertise or assume to act as such without first having obtained a license issued by the state Real Estate Commissioner. S.C.Code Ann. Sec. 56-1545 (Michie 1962).[1] The provision did not apply to any transaction involving the sale of real estate by an owner of the property or by one who owned any interest in the property, S.C.Code Ann. Sec. 56-1545.2 (Michie 1962), and applied only to those persons holding themselves out to the public as a broker or salesman. S.C.Code Ann. Sec. 56-1545.3 (Michie 1962).
 
 
 7
 On appeal Douglas argues that he "was not a broker here for he was selling his own position, not someone else's." Rather than being Heniford's agent entitled to a commission, Douglas now contends that he was "simply furthering his own interest in Harbor Island."
 
 
 8
 We conclude that regardless of the theory advanced, the district court properly granted judgment notwithstanding the verdict for Heniford. Gill v. Rollins Protective Services Co., 773 F.2d 592, 594 (4th Cir.1985), modified, 788 F.2d 1042 (4th Cir.1986).
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 The district court cited provisions of the 1976 Code in his order. However, the section of the Code which controls our result, S.C.Code Ann. Sec. 56-1545 (Michie 1962), is textually the same as that portion of the 1976 Code relied on by the district court. S.C.Code Ann. Sec. 40-57-20 (Law.Co-op.1976)